**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 19 B 21150 |
| | ) | |
| DARLENE V. CMELKA, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ———————————————— | ) | |
| | ) | |
| WBL SPO II LLC, | ) | Adversary No. 23 A 00367 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DARLENE V. CMELKA, | ) | Judge David D. Cleary |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter comes before the court on motion for summary judgment filed by WBL SPO II LLC ("WBL" or "Plaintiff"), a creditor in prior bankruptcy cases of Defendant Darlene V. Cmelka's ("Cmelka" or "Defendant"). Plaintiff's motion seeks a judgment declaring that the debt Cmelka owes WBL is excepted from discharge under 11 U.S.C. § 523(a)(3). The court reviewed the relevant papers and pleadings. For the reasons stated below, the court will grant WBL's motion.

## I.      JURISDICTION

The court has subject matter jurisdiction under 28 U.S.C. § 1334(b) and the district court's Internal Operating Procedure 15(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(J). Venue is proper under 28 U.S.C. § 1409(a).

1

## II.   BACKGROUND

WBL filed its motion for summary judgment, memorandum in support of summary judgment and, as required, a statement of facts.  (Dkt. Nos. 14, 15, and 16).  Cmelka filed a notice of objection. (Dkt. No. 18).

### A.  Uncontested Facts under Local Bankruptcy Rule 7056-1

Local Bankr. R. 7056-1 requires a party moving for summary judgment to file a statement of undisputed material facts.  The statement "must consist of short, numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph.  Failure to submit such a statement constitutes grounds for denial of the motion."  Local Bankr. R. 7056-1B. WBL filed such a statement.  (*See* Dkt. No. 16).

The party opposing a motion for summary judgment is required to respond "to each numbered paragraph in the moving party's statement[.]"  Local Bankr. R. 7056-2A(2)(a).  And, the opposing party must also file "a statement, consisting of short, numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon[.]"  *Id.* at (2)(b). Cmelka did not file the required response.

"All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party."  L.R. 7056-2(B). Without a response from Cmelka, the facts offered in WBL's statement are deemed admitted. *See In re Jaytee LLC*, No. AP 16-00723, 2017 WL 1653153, at *1 (Bankr. N.D. Ill. May 1, 2017); *See also In re Signore*, 436 B.R. 65, 67 (Bankr. N.D. Ill. 2010).

### B.  The Uncontested Facts

On June 30, 2015, Toujours Salon & Spa LLC, ("Toujours") entered into a loan with an affiliate of WBL.  (WBL's statement ("Statement") at Dkt. No. 16,  ¶ 2).  The owner of Toujours, Mohammed Irfan Yazdani, ("Yazdani"), is married to Cmelka. (Statement ¶¶ 1, 2).  Both Cmelka and Yazdani guaranteed the loan to Toujours, and secured the loan by granting WBL a mortgage in a condominium owned by Cmelka at 3915 W. Addison St., Unit 1-C, Chicago, Illinois, (the "Property").  (Statement ¶¶ 3, 5).  Through a series of transfers, WBL became the party entitled to enforce the note and guaranty, and ultimately filed a complaint to foreclose its mortgage on the Property on February 17, 2016.  (Statement ¶¶ 4, 6).  An Illinois state court ultimately entered an order confirming the foreclosure sale on November 3, 2023, and entered a deficiency judgment against Toujours in the amount of $784,363.70.  (Statement ¶¶ 7, 8).  WBL did not seek a judgment on Cmelka and Yazdani's guaranty in that case.  (Statement ¶ 9).

While WBL's foreclosure case proceeded, Cmelka and Yazdani filed three bankruptcy cases, the first of which they filed on September 29, 2016, seven months after WBL filed its foreclosure case.  (Statement ¶ 10-19).  In the first and second bankruptcy cases, Cmelka and Yazdani filed jointly, disclosed the Property and debt owed to WBL, and gave WBL notice of the bankruptcy.  (Statement ¶¶ 11, 12, 15, 17). The first and second cases were ultimately dismissed, and on July 29, 2019, Cmelka individually filed for a third chapter 13 case—the case from which this adversary proceeding arises.  (Statement ¶¶ 14, 18-20).

In the third case, Cmelka did not disclose the Property or WBL's debt, and she did not give WBL notice of the bankruptcy case.  (Statement ¶ 21).  Cmelka confirmed and completed a plan paying her unsecured creditors one hundred percent of their claims, making $210,077.70 in plan payments, of which $163,409.20 were refunded to Cmelka after the trustee administered the case

3

and made payments to creditors.  (Statement ¶¶ 23-25).  Without notice or actual knowledge of the third chapter 13 case, WBL had no opportunity to file a timely proof of claim, and received no distribution under the plan.  (Statement ¶ 22, 26).  The deadline to file proofs of claim in Cmelka's third bankruptcy case was October 7, 2019.  (Statement ¶ 33).  Cmelka asserts that she did not list WBL's debt on her schedules in the third bankruptcy case because she thought she had surrendered the Property, covering WBL's debt.  (Statement ¶ 35).  Cmelka received a discharge in the third chapter 13 case on November 3, 2021.  (Statement ¶ 27).

Cmelka and Yazdani moved to Texas after Cmelka filed her third chapter 13 case, and on October 9, 2023, WBL filed a complaint against Cmelka and Yazdani seeking a judgment on their *guaranty* in Texas state court.  (Statement ¶¶ 28, 29).  On November 6, 2023, Cmelka and Yazdani asserted in their answer to WBL's complaint that Cmelka's debt was discharged in her third chapter 13 bankruptcy case.  (Statement ¶ 30).  Cmelka asserts that she disclosed her third bankruptcy case during a state court hearing on January 19, 2021.  (Statement ¶¶ 30-32).  WBL asserts that it first learned of the case when Cmelka disclosed it in her answer to the Texas complaint on November 6, 2023.  *Id*.

### III.    LEGAL ANALYSIS

#### A. Standard for Motion for Summary Judgment

The standard for a summary judgment motion is set forth in Fed. R. Civ. P. 56, made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7056.  Summary judgment is appropriate under Rule 56 if the moving party shows that no genuine issue of material fact exists and that it is entitled to prevail in the case as a matter of law.  *See* Fed. R. Civ. P. 56.  In ruling on the motion, the court "must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party."  *Majors v. Gen. Elec. Co.*, 714 F.3d 527, 532 (7th Cir. 2013).  Summary

judgment is proper when there is only one logical conclusion to be reached by the finder of fact. *Marozsan v. United States*, 90 F.3d 1284, 1290 (7th Cir. 1996), *cert. denied*, 520 U.S. 1109 (1997). "A mere scintilla of evidence in support of the nonmoving party's position is not sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Harris N.A. v. Hershey*, 711 F.3d 794, 798 (7th Cir. 2013).

A nonmovant's failure to respond to a motion for summary judgment does not result automatically in a judgment for the movant. *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012). Rather, the movant must still show that summary judgment is proper given the undisputed facts taken in the light most favorable to the nonmovant. *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021). Thus, even where no opposing statement of facts is presented by the nonmoving party, a motion for summary judgment must be denied where the uncontroverted evidence presented by the moving party does not establish the absence of a genuine issue. *See Wienco, Inc. v. Katahn Assoc., Inc.,* 965 F.2d 565, 568 (7th Cir. 1992).

**B.  Section 523(a)(3)(A): *Failure to List or Schedule Known Creditor***

WBL seeks a summary judgment declaring the debt owed by Cmelka to WBL is excepted from discharge under 11 U.S.C. § 523(a)(3)(A):

> **(a)** A discharge under section 727, 1141, 11921 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--

> > **(3)** neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

> > > **(A)** if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing.

Debts of known creditors must be listed or scheduled in order for a debtor to obtain a discharge. And, the creditor must be listed or scheduled in time to permit the creditor an opportunity to file a timely claim. 11 U.S.C. 523 (a)(3)(A).  If a creditor has notice or actual knowledge of the case in time to file a timely claim, the exception does not apply.  *Id.*  For the exception to apply, "the failure to schedule the claim must result in denying the creditor the opportunity to timely file a proof of claim."  *In re O'Shaughnessy*, 252 B.R. 722, 738 (Bankr. N.D. Ill. 2000)(citing *In re Doherty* 176 B.R. 483, 485 (Bankr. S.D. Ill 1994)).

Though Cmelka's amended answer did not assert affirmative defenses and she did not respond to WBL's motion for summary judgment, Cmelka's amended answer alleges that she notified WBL of the third bankruptcy case during a state court hearing on January 19, 2021.  (Dkt. No. 13, ¶ 29).  This fact does not create a disputed material fact that defeats WBL's motion.  Even if WBL became aware of the third bankruptcy case on January 19, 2021, such notice would not allow for timely filing of WBL's claim.  Because the deadline to file a proof of claim in Cmelka's third bankruptcy case was October 7, 2019, notice on January 19, 2021, would come 15 months too late to allow WBL to timely file a proof of claim.

Fed. R. Bankr. P. 3002(c) sets forth the deadline for filing a proof of claim. In a "chapter 13 case, a proof of claim is timely filed if it is filed not later than 70 days after the order for relief." Fed. R. Bankr. P. 9006(b)(3) further restricts creditors, stating that the time for acting under Rule 3002(c) may be enlarged "only to the extent and under the conditions stated" in the rule.  Rule 3002(c) contains seven exceptions.  Cmelka does not dispute that more than 70 days had passed since the order for relief in Cmelka's third case, so unless one of the exceptions applies, WBL cannot timely file.

Fed. R. Bankr. P. 3002(c)(6) provides an exception:

6

> On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim.

Fed. R. Bankr. P. 3002(c)(6).

However, these conditions reflect amendments effective December 1, 2022. Prior to the amendments, and during Cmelka's third bankruptcy case, the effective version of Rule 3002(c)(6) imposed significantly different conditions in order to permit an extension of time to file a claim:

> **(6)** On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that:
>
> > **(A)** the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a); or
> >
> > **(B)** the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim, and the notice was mailed to the creditor at a foreign address.

The applicable rule would only permit an extension if notice were sent to WBL at a foreign address or if Cmelka had not timely filed a list of creditors.  Here, notice was not sent to WBL at a foreign address and Cmelka did timely file a list of creditors.  (Statement ¶ 34).  Because WBL was not able to seek an extension to the proof of claims bar date, no timely filing of a proof of claim would have been possible if WBL had received notice of Cmelka's third bankruptcy case on January 19, 2021.

Finally, Cmelka asserts that she believed she had surrendered the Property and that foreclosure on the Property would satisfy WBL's debt.  (Dkt. No. 9, ¶ 2).  That allegation also does not create a genuine issue of material fact.  WBL need only establish that the debt was unscheduled,

7

and that the creditor did not have notice or actual knowledge of the bankruptcy in time to file a claim. *In re Smith*, 582 F.3d 767, 777 (7th Cir. 2009). Section 523(a)(3)(A) does not require a determination of the debtor's intent. *See In re Stucker*, 153 B.R. 219, 222 (Bankr. N.D. Ill. 1993)("The Court submits that there is nothing in the text of section 523(a)(3)(A) or (B) which references a debtor's state of mind with regard to the omission in scheduling a creditor's claim.") *See also In re Jakubiak,* 591 B.R. 364, 391 (Bankr. E.D. Wis. 2018)("Given that neither § 523(a)(3)(A) nor § 523(a)(3)(B) refers in any way to inadvertence, intent, or any other degree of culpability, there is no textual basis for concluding that the application of either subparagraph depends on the debtor's mental state.").

The Seventh Circuit, however, has applied an equitable rule, viewed as an equitable exception to §523(a)(3)(A), that requires consideration of a debtor's intent. *Persinger v. Sw. Credit Sys., L.P.*, 20 F.4th 1184, 1199 n.7 (7th Cir. 2021); *Jakubiak*, 591 B.R. at 392. Under this exception, "a debtor may reopen the estate to add an omitted creditor where there is no evidence of fraud or intentional design." *Matter of Stark*, 717 F.2d 322, 324 (7th Cir. 1983). But the absence of fraud or intentional design on the part of the debtor is not the only element required by the *Stark* exception. The exception applies only in "no asset" cases where the creditor was not harmed by the omission. *Stark*, 717 F.2d at 324; *Jakubiak*, 591 B.R. at 392.

Here, the court is not required to examine an equitable exception because the undisputed facts confirm that the *Stark* exception does not apply. The third bankruptcy case was a chapter 13 case, not a chapter 7 case, with a 100% distribution to creditors. Section 523(a)(3)(A) protects a creditor's right to receive a distribution if not properly notified of the case. The third bankruptcy case was neither a no-asset case, nor was the omission of WBL harmless. Cmelka received a

8

refund of $163,409.20 from the trustee that would have otherwise gone towards the satisfaction of WBL's debt.  (Statement ¶ 25).

It is uncontested that the chapter 13 plan, which Cmelka completed and for which she received a discharge, did not provide for any treatment of the debt to WBL or the lien securing that debt.  It is similarly uncontested that Cmelka did not include the debt to WBL or the lien securing that debt in her schedules.  Any notice given in state court on January 19, 2021, was too late for WBL to timely file a proof of claim.  Cmelka's failure to schedule WBL's claim ultimately resulted in denying WBL the opportunity to file a proof of claim, and her debt to WBL is therefore excepted from discharge under 11 U.S.C. 523(a)(3)(A).

## IV.   CONCLUSION

For the reasons stated above, the court will enter an order granting the Plaintiff's motion for summary judgment.

Date:   August 9, 2024

_____
DAVID D. CLEARY
United States Bankruptcy Judge

9